UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI T. TYLL, individually and as Independent Executrix of The Estate of Michael A. Tyll<br><br><br>Plaintiff,<br><br>vs.<br><br><br>STANLEY BLACK & DECKER LIFE INSURANCE PROGRAM and AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: |

## **COMPLAINT**

### Nature of Action

This is a claim arising under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover various life insurance benefits arising due to the accidental death of Michael A. Tyll, formerly of Sandy Hook, Connecticut. Prior to his death, Mr. Tyll served as the President of Engineered Fastening at Stanley Black & Decker, Inc., and served on the Stanley Black and Decker Executive Management Team. Mr. Tyll died in an accident while flying from Paris to New York on September 25, 2014. Plaintiff Lori T. Tyll, his surviving wife and personal representative seeks to recover double indemnity benefits and death and dismemberment benefits pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) provided under the defendant Stanley Black & Decker Life Insurance Program ("Life Plan"), managed by Stanley Black & Decker, Inc. ("Stanley"), and insured by defendant AETNA Life Insurance Company ("AETNA"). The total benefits due to Plaintiff are in the sum of no less than $2,500,000.00. Plaintiff also seeks to

recover interest, costs and attorneys' fees under 29 U.S.C. § 1132(g)(1), or other applicable

statute or federal common law permitting such recovery.

## Parties

1.      Plaintiff  Lori T. Tyll ("Mrs. Tyll") is a beneficiary under the Life Plan, and the executrix

and personal representative of the Estate of Michael A. Tyll ("Mr. Tyll") as duly appointed

fiduciary by the Court of Probate,  Northern Fairfield County, Connecticut. Mrs. Tyll is the

surviving spouse of Mr. Tyll.  Mrs. Tyll lived with Mr. Tyll at Sandy Hook, Connecticut, and she

continues to reside in the State of Connecticut.

2.      Defendant AETNA Life Insurance Company is an insurance company existing under the

laws of the State of Connecticut, having a headquarters at 151 Farmington Avenue, Hartford,

Connecticut and is authorized to sell insurance in the State of Connecticut.

3.      Defendant Life Plan is a welfare benefit plan administered "solely in the interest of the

participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1). The Life

Plan is an entity, separate and distinct from its sponsoring company, that may sue or be sued

under ERISA, 29 U.S.C. § 1132(d)(1).  The administrative office of the Life Plan is located at

1000 Stanley Drive, New Britain, Connecticut, and the Life Plan provides benefits for the

employees of the Stanley, including employees residing within the State of Connecticut.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and

28 U.S.C. § 1331.

5.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at

29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits

denials.

2

6.      All appeals have been exhausted, and this matter is now properly before this Court as all pre-suit remedies have been exhausted before commencing this action.

7.      Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)

### Facts Common to All Counts

#### *Enrollment in the Life Plan*

8.      At all material times, Mr. Tyll was employed as President of Engineered Fastening at Stanley.

9.      At all material times, Mr. Tyll was a "participant" in the Life Plan within the meaning of ERISA, 29 U.S.C. § 1002(7).

10.     The terms of the Life Plan are set-forth in a series of ERISA plan instruments. *See* generally EXHIBITS A through E.

>       Section 4.01 of the Life Plan states that, "The benefits provided under the Plan are
>
>       set forth in the certificate of insurance booklet attached to the contract issued by
>
>       the applicable insurance company and any corresponding Summary Plan
>
>       Descriptions." EXHIBIT A.

11.     The ERISA plan instruments comprising the terms of benefits as referenced in Section 4.01 include:

>       a.   Stanley Black & Decker Life Insurance Program Effective January 1, 2011 –
>            EXHIBIT A.
>
>       b.   The Stanley Black & Decker Life Insurance Plan Summary Plan Description
>            Effective January 1, 2011 ("SPD") – EXHIBIT B.
>
>       c.    AETNA Life Insurance Company Booklet Certificate – EXHIBIT C.

3

    d.   AETNA Schedule of Benefits – EXHIBIT D.

    e.   AETNA Complaint and Appeals Riders – EXHIBIT E.

12.    At all material times, Mrs. Tyll was a designated beneficiary of Mr. Tyll for benefits available under the Life Plan.

13.    At all material times, Mr. Tyll was covered by the portion of the Life Plan that provided life insurance in the event of an accidental death.

14.    The Life Plan, funded in whole, or in part, its obligations to provide life insurance benefits in the event of an accidental death with insurance policies issued by Federal Insurance Company[1] and AETNA, which are assets of the Life Plan

15.    On September 25, 2014, the date Mr. Tyll died, his compensation for 3-years or more, at Stanley, was in excess of $1,000,000.00 per annum entitling him to coverage in the amount of:

    a.   $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA

    b.   $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA

### *Loss & Claim*

16.    On September 25, 2014, Mr. Tyll died accidentally, due to exposure to the elements and other accidental causes, while on board a commercial flight, Air France Flight 006 flying from Paris to New York.

17.    Air France made an unscheduled emergency landing in Halifax, Nova Scotia seeking medical assistance for Mr. Tyll.

---

[1] Federal Insurance Company insured other accidental death benefits for Stanley employees under the Life Plan. Federal Insurance Company investigated the claim, and based on the same information delivered to AETNA, concluded that Mr. Tyll died in an "accident" and paid $1,000,000.00 in benefits to date.

18.     Mr. Tyll was pronounced dead by a medical examiner, and after an investigation and autopsy, a Stanley aircraft was sent to Halifax, Nova Scotia, to retrieve his remains.

19.     Mr. Tyll was traveling as an employee of Stanley, and in the service of Stanley at the time he died.

20.     Mr. Tyll died in accident, in part because according to the SPD, "exposure to the elements will be considered an accidental bodily injury."

21.     Mrs. Tyll timely submitted a claim for benefits to AETNA.

22.     AETNA has not been granted authority to make discretionary benefit decisions with regard to benefit eligibility nor the amount of any benefits payable under the terms of the Life Plan.

23.     According to the SPD:

> The responsibility of interpreting certain Plan provisions such as resolving issues concerning eligibility to participate, **_eligibility to receive benefits, and determining the amount of any benefit payable to any person_** rests with the Plan Manager. For all other Plan provisions, power to interpret the Plan shall be exercised by the Insurer at their sole and absolute discretion. (Emphasis added.)

24.     According to the SPD, the Plan Manager is:

> The Plan Manager is designated by the Plan Administrator and is responsible for the design and modification of Plan benefits, selection and termination of Plan vendors and insurers, establishing Plan funding costs, and all other Plan activities (excluding the termination of the Plan) not specifically reserved by the Plan Administrator. The Plan Manager for the Stanley Black & Decker Life Insurance Plan is:
>
> 
>
> Stanley Black & Decker, Inc.
> 1000   Stanley Drive New Britain, CT 06053
> Attn: Raymond J. Brusca
> VP Benefits & Compensation
>
> 

25.     AETNA denied Mrs. Tyll's request for benefits under the applicable ERISA plan instruments.

26.     The Plan Manager did not make the claim decision, thereby breaching its express "responsibility of interpreting certain Plan provisions such as resolving issues concerning…eligibility to receive benefits, and determining the amount of any benefit payable" to Mrs. Tyll.

### Exhaustion of Administrative Remedies

27.     AETNA denied Mrs. Tyll's claim by letter dated December 23, 2014.

28.     By letter dated June 12, 2015 accompanied by over 600 pages of documents, Mrs. Tyll appealed AETNA's decision.

29.     Mrs. Tyll's appeal was supported by the determination of a vascular surgeon, Ronald Nath, M.D., who concluded in part:

> External events on the flight caused the thrombus to form in Mr. Tyll 's leg. A combination of lower oxygen tension, prolonged sitting and pressure from the seat on the back of Mr. Tyll' s leg were significant contributors which caused the thrombus to form. Sitting not only compresses veins in the legs which slows the normal blood flow, but also promotes stasis, or sluggish flow, in the veins. Airline cabin pressure is lower than at sea level, producing hypobaric hypoxia, a condition in which the body is deprived of a sufficient supply of oxygen from the atmosphere to supply body tissues. In other words, lower air pressure means that less oxygen transfers from the lungs to the bloodstream. Medical literature documents that hypobaric hypoxia, immobility and trauma when linked together are known causes of VTE. In Mr. Tyll' s case, VTE led to cardiac arrest which led to his death.

> *** Mr. Tyll's death was unanticipated death. He did not die from a progressive disease. Nothing in his medical history indicated that his death was imminent. In fact, the Medical Examiner's report confirmed that there were no significant medical problems detected in Mr. Tyll' s body. A combination of external events described in Answer 3 explain what happened to Mr. Tyll. An airline trip is a benign experience almost all of the time. This airline flight caused Mr. Tyll's death; therefore his death was accidental.

30.     AETNA denied the first appeal by letter dated November 5, 2015.

31.     AETNA offered to Mrs. Tyll another appeal.

32.     Mrs. Tyll filed a second appeal on July 10, 2017.

33.    AETNA denied Mrs. Tyll's second appeal on July 14, 2017.

## Count I: Claim For Benefits Due
## From AETNA
## Pursuant To 29 U.S.C. § 1132(a)(1)(B)

34.    Plaintiff restates all of the previous allegations as incorporated herein.

35.    ERISA authorizes beneficiaries such as Mrs. Tyll to enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

36.    Mrs. Tyll is entitled to recover benefits under the coverage provided by AETNA.

37.    Mrs. Tyll made a proper claim for benefits, and Mrs. Tyll has exhausted all administrative remedies, but the claim was wrongfully denied.

38.    It would be appropriate for the Court to conduct a *de novo* review of this benefit action pursuant *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and to enforce Mrs. Tyll's entitlement to benefits under the coverage provided by AETNA pursuant to 29 U.S.C. § 1132(a)(1)(B) .

39.    The coverage due is in the amount of no less than:

   a.    $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA;

   b.    $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA.

## Count II: Claim For Benefits Due
## From the Life Plan
## Pursuant To 29 U.S.C. § 1132(a)(1)(B)

40.    Plaintiff restates all of the previous allegations as incorporated herein.

7

41.     ERISA authorizes beneficiaries such as Mrs. Tyll to enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

42.     Mrs. Tyll is entitled to recover benefits under the coverage provided by the Life Plan through its corresponding ERISA plan instruments.

43.     Mrs. Tyll made a proper claim for benefits, and Mrs. Tyll has exhausted all administrative remedies, but the claim was wrongfully denied.

44.     It would be appropriate for the Court to conduct a *de novo* review of this benefit action pursuant *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and to enforce Mrs. Tyll's entitlement to benefits under the coverage provided by the Life Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

45.     The coverage due from under the Life Plan is:

    a.     $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA;

    b.     $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA;

**<u>Count III: Claim For Reformation<br>of the Life Plan<br>Pursuant To 29 U.S.C. § 1132(a)(3)</u>**

46.     Plaintiff restates all of the previous allegations as incorporated herein.

47.     ERISA authorizes beneficiaries such as Mrs. Tyll to obtain equitable relief pursuant to 29 U.S.C. §1332(a)(3) in the form of reformation of plan terms to remedy misleading information. *Cigna Corp. v. Amara*, 563 U.S. 421, 440-41 (2011).

48.     Not all of the documents on which the Defendants may rely were known to be delivered to Mr. Tyll.

8

49.     To the extent that the Life Plan seeks to rely on terms in ERISA plan instruments other than the SPD, this would render the information provided in the SPD false or misleading, and Mrs. Tyll's reliance on those terms was consequently induced by mistake or fraud perpetrated by the Life Plan and its fiduciaries.

50.     In such circumstances, it is appropriate for a Court acting in equity to reform the terms of the Life Plan to conform to the representations made to the participant.

51.     Therefore, to the extent that the Life Plan seeks to assert plan terms other than those contained in the SPD to the detriment of Mrs. Tyll, it would be appropriate for the Court to reform the Life Plan to conform strictly to the terms contained in the SPD.

<u>**Count IV: Claim For Attorney's Fees, Costs and Interest
From All Defendants
Pursuant To 29 U.S.C. § 1132(g)(1)**</u>

52.     Plaintiff restates all of the previous allegations as incorporated herein.

53.     As defendants unlawfully denied paying Life Plan benefits, and has caused Mrs. Tyll to incur attorneys' fees and costs, and will cause her to incur additional fees and costs, Mrs. Tyll is entitled to recover under 29 U.S.C. § 1132 (g)(1), costs of this litigation, including reasonable attorneys' fees and interest at the Connecticut statutory rate on all benefits due from the date first denied.

<u>**PRAYERS FOR RELIEF**</u>

WHEREFORE, the Plaintiff Lori Tyll prays for judgment as follows:

1.     Award appropriate equitable relief, and if appropriate, legal relief, pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B),  against Defendants, jointly and severally, in an amount of no less than $2,500,000.00 in the principal sum with pre-judgment interest from the date of breach, at no less than the Connecticut statutory rate for withholding life insurance payments to beneficiaries, post-judgment interest and costs;

2.      Reforming the Life Plan under pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), so

it properly reflects all benefits represented to Mr. Tyll and Mrs. Tyll; and

3.      Award to Plaintiff against Defendants, jointly and severally, all sums permitted under 29

U.S.C. § 1132 (g)(1), including attorney's fees, interest and costs of the litigation; and

4.      For such other and further relief as this Court deems just and proper.

Dated: September 22, 2017                   Respectfully submitted,
                                            PLAINTIFF LORI T. TYLL, BY HER
                                            ATTORNEYS, THE LAW OFFICES OF SEAN K.
                                            COLLINS AND THE LAW OFFICES OF
                                            JONATHAN M. FEIGENBAUM

                                            /s/ Sean K. Collins
                                            Sean K. Collins (ct29296)
                                            THE LAW OFFICES OF SEAN K. COLLINS
                                            184 High Street, Suite 503
                                            Boston, MA 02110
                                            Tel. No. (617) 320-8485
                                            Fax No. (617) 227-2843
                                            sean@neinsurancelaw.com

                                            /s/Jonathan M. Feigenbaum
                                            Jonathan M. Feigenbaum
                                            THE LAW OFFICES OF JONATHAN M.
                                            FEIGENBAUM
                                            184 High Street, Suite 503
                                            Boston, MA 02110
                                            Tel. No. (617) 357-9700
                                            Fax No. (617) 227-2843
                                            jonathan@erisaattorneys.com
                                            Pro Hac Vice Admission To Be Sought