UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI T. TYLL, | : | |
| | : | CASE NO.  3:17-CV-1591 (VAB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STANLEY BLACK & DECKER, | : | |
| LIFE INSURANCE PROGRAM and | : | |
| AETNA LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT
### Nature of Action

This is a claim arising under the Employee Retirement Income Security Act of 1974

("ERISA") to recover various life insurance benefits arising due to the accidental death of

Michael A. Tyll, formerly of Sandy Hook, Connecticut. Prior to his death, Mr. Tyll served as the

President of Engineered Fastening at Stanley Black & Decker, Inc., and served on the Stanley

Black and Decker Executive Management Team. Mr. Tyll died in an accident while flying from

Paris to New York on September 25, 2014. Plaintiff Lori T. Tyll, his surviving wife and personal

representative seeks to recover double indemnity benefits and death and dismemberment benefits

pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) provided under the defendant Stanley Black &

Decker Life Insurance Program ("Life Plan"), managed by defendant Stanley Black & Decker,

Inc. ("Stanley"), and insured by defendant AETNA Life Insurance Company ("AETNA"). The

total benefits due to Plaintiff are in the sum of no less than $3,400,000.00. Plaintiff also seeks to

recover interest, costs and attorneys' fees under 29 U.S.C. § 1132(g)(1), or other applicable

statute or federal common law permitting such recovery.

**Parties**

1.  Plaintiff Lori T. Tyll ("Mrs. Tyll") is a beneficiary under the Life Plan, and the executrix and personal representative of the Estate of Michael A. Tyll ("Mr. Tyll") as duly appointed fiduciary by the Court of Probate, Northern Fairfield County, Connecticut. Mrs. Tyll is the surviving spouse of Mr. Tyll.  Mrs. Tyll lived with Mr. Tyll at Sandy Hook, Connecticut, and she continues to reside in the State of Connecticut. Mrs. Tyll is a citizen of the State of Connecticut.

2.  Defendant AETNA is an insurance company existing under the laws of the State of Connecticut and having a headquarters at 151 Farmington Avenue, Hartford, Connecticut and is authorized to sell insurance in the State of Connecticut. AETNA is a citizen of the State of Connecticut.

3.  Defendant Life Plan is a welfare benefit plan administered "solely in the interest of the participants and beneficiaries" of the plan pursuant to ERISA, 29 U.S.C. § 1104(a)(1). The Life Plan is an entity, separate and distinct from its sponsoring company, that may sue or be sued under ERISA, 29 U.S.C. § 1132(d)(1).  The administrative office of the Life Plan is located at 1000 Stanley Drive, New Britain, Connecticut, and the Life Plan provides benefits for the employees of the Stanley Black & Decker, Inc. ("Stanley Black & Decker"), including employees residing within the State of Connecticut. Life Plan is a citizen of the State of Connecticut.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials.

6. All appeals have been exhausted, and this matter is now properly before this Court as all pre-suit remedies have been exhausted before commencing this action.

7. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b)

## Facts Common to All Counts

### *Enrollment in the Life Plan*

8. At all material times, Mr. Tyll was employed as President of Engineered Fastening at Stanley Black & Decker.

9. At all material times, Mr. Tyll was a "participant" in the Life Plan within the meaning of ERISA, 29 U.S.C. § 1002(7).

10. The terms of the Life Plan are set-forth in a series of ERISA plan instruments. *See* generally EXHIBITS A through G. Section 4.01 of the Life Plan provides:

The benefits provided under the Plan are set forth in the certificate of insurance booklet attached to the contract issued by the applicable insurance company and any corresponding Summary Plan Descriptions.  EXHIBIT A.

11. The ERISA plan instruments comprising the terms of benefits as referenced in Section 4.01 include:

   a. Stanley Black & Decker Life Insurance Program Effective January 1, 2011 – EXHIBIT A.

   b. The Stanley Black & Decker Life Insurance Plan Summary Plan Description Effective January 1, 2011 ("SPD") – EXHIBIT B.

   c. AETNA Life Insurance Company Booklet Certificate – EXHIBIT C.

   d. AETNA Schedule of Benefits – EXHIBIT D.

   e. AETNA Complaint and Appeals Riders – EXHIBIT E.

   f. Business Travel Accident INSURANCE CERTIFICATE Issued by FEDERAL INSURANCE COMPANY FOR STANLEY BLACK & DECKER, INC. AND ALL ITS SUBSIDIARIES AND AFFILIATES – EXHIBIT F.

   g. AETNA Group Life and Accident and Health Insurance Policy – EXHIBIT G.

12. At all material times, Mrs. Tyll was a designated beneficiary of Mr. Tyll for benefits available under the Life Plan.

13. At all material times, Mr. Tyll was covered by the portion of the Life Plan that provided life insurance in the event of an accidental death.

14. The Life Plan, funded in whole, or in part, its obligations to provide life insurance benefits in the event of an accidental death with insurance policies issued by Federal Insurance and AETNA, which are assets of the Life Plan.

15. Based on the same information delivered to AETNA, Federal Insurance Company insured other accidental death benefits for Stanley Black & Decker employees.

16. Federal Insurance Company investigated the claim, and concluded that Mr. Tyll died in an "accident" and has paid $1,000,000 in benefits to date.

17. On September 25, 2014, the date Mr. Tyll died, his annual base salary for 3-years or more, at Stanley Black & Decker, was in excess of $1,000,000.00 per annum entitling him to coverage in the amount of:

   a. $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA;

   b. $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA; and

   c. $1,500,000.00 under the Basic Life Insurance of 150% of annual base salary, just $600,000.00 of which has already been paid.

### *Loss & Claim*

18. On September 25, 2014, Mr. Tyll died accidentally, due to exposure to the elements and other accidental causes, while on board a commercial flight, Air France Flight 006 flying from Paris to New York.

19. Air France made an unscheduled and emergency landing in Halifax, Nova Scotia seeking medical assistance for Mr. Tyll.

20. Mr. Tyll was pronounced dead by a medical examiner, and after an investigation and autopsy, a Stanley Black & Decker aircraft was sent to Halifax, Nova Scotia, to retrieve his remains.

21. Mr. Tyll was traveling as an employee of Stanley Black & Decker, and in the service of Stanley Black & Decker at the time he died.

22. According to the SPD, Mr. Tyll died in accident, because, "exposure to the elements will be considered an accidental bodily injury." Exhibit B.

23. Mrs. Tyll timely submitted a claim for benefits to AETNA.

24. AETNA has not been granted authority to make discretionary benefit decisions with regard to benefit eligibility nor the amount of any benefits payable under the terms of the Life Plan.

25. According to the SPD (Exhibit B):

   The responsibility of interpreting certain Plan provisions such as resolving issues concerning eligibility to participate, **eligibility to receive benefits, and determining the amount of any benefit payable to any person** rests with the Plan Manager. For all other Plan provisions, power to interpret the Plan shall be exercised by the Insurer at their sole and absolute discretion. (Emphasis added.)

26. According to the SPD, the Plan Manager is:

   The Plan Manager is designated by the Plan Administrator and is responsible for the design and modification of Plan benefits, selection and termination of Plan vendors and insurers, establishing Plan funding costs, and all other Plan activities (excluding the termination of the Plan) not specifically reserved by the Plan Administrator. The Plan Manager for the Stanley Black & Decker Life Insurance Plan is:

   Stanley Black & Decker, Inc.
   Stanley Drive New Britain, CT 06053
   Attn: Raymond J. Brusca
   VP Benefits & Compensation

27. AETNA denied Mrs. Tyll's request for benefits under the applicable ERISA plan instruments.

28. The Plan Manager did not make the claim decision, thereby breaching its express "responsibility of interpreting certain Plan provisions such as resolving issues concerning…eligibility to receive benefits, and determining the amount of any benefit payable" to Mrs. Tyll. *See* SPD (Exhibit B).

### *Exhaustion of Administrative Remedies*

29. AETNA denied Mrs. Tyll's claim by letter dated December 23, 2014.

30. By letter dated June 12, 2015 accompanied by over 600 pages of documents, Mrs. Tyll appealed AETNA's decision.

31. Mrs. Tyll's appeal was supported by the determination of a vascular surgeon, Ronald Nath, M.D., who concluded in part:

External events on the flight caused the thrombus to form in Mr. Tyll's leg. A combination of lower oxygen tension, prolonged sitting and pressure from the seat on the back of Mr. Tyll's leg were significant contributors which caused the thrombus to form. Sitting not only compresses veins in the legs which slows the normal blood flow, but also promotes stasis, or sluggish flow, in the veins. Airline cabin pressure is lower than at sea level, producing hypobaric hypoxia, a condition in which the body is deprived of a sufficient supply of oxygen from the atmosphere to supply body tissues. In other words, lower air pressure means that less oxygen transfers from the lungs to the bloodstream. Medical literature documents that hypobaric hypoxia, immobility and trauma when linked together are known causes of VTE. In Mr. Tyll's case, VTE led to cardiac arrest which led to his death.

\*\*\*

Mr. Tyll's death was unanticipated death. He did not die from a progressive disease. Nothing in his medical history indicated that his death was imminent. In fact, the Medical Examiner's report confirmed that there were no significant medical problems detected in Mr. Tyll's body. A combination of external events described in Answer 3 explain what happened to Mr. Tyll. An airline trip is a benign experience almost all of the time. This airline flight caused Mr. Tyll's death; therefore his death was accidental.

32. AETNA denied the first appeal by letter dated November 5, 2015.

33. AETNA offered to Mrs. Tyll another appeal.

34. Mrs. Tyll filed a second appeal on July 10, 2017.

35. AETNA denied Mrs. Tyll's second appeal on July 14, 2017.

<u>**Count I: Claim For Benefits Due From AETNA**</u>
<u>**Pursuant To 29 U.S.C. § 1132(a)(1)(B)**</u>

36. Plaintiff restates all of the allegations as incorporated herein.

37. ERISA authorizes beneficiaries such as Mrs. Tyll to enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

38. Mrs. Tyll is entitled to recover benefits under the coverage provided by AETNA.

39. Mrs. Tyll made a proper claim for benefits, and Mrs. Tyll has exhausted all administrative remedies, but the claim was wrongfully denied.

40. It would be appropriate for the Court to conduct a *de novo* review of this benefit action pursuant *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and to enforce Mrs. Tyll's entitlement to benefits under the coverage provided by AETNA pursuant to 29 U.S.C. § 1132(a)(1)(B).

41. The coverage due is in the amount of no less than:

    a. $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA.

    b. $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA.

    c.   $900,000.00 more under the Basic Life Insurance, having already paid Mrs. Tyll $600,000.00 under this benefit.

    d.   If the Court finds that the Basic Life Insurance benefit cap is $1,000,000.00 and not $1,500,000.00, regardless of whether the Court finds that Mr. Tyll's death was accidental, Mrs. Tyll would still be owed an additional $400,000.00 based on AETNA's miscalculation of Mr. Tyll's annual base salary.

## Count II: Claim For Benefits Due From the Life Plan<br>Pursuant To 29 U.S.C. § 1132(a)(1)(B)

42. Plaintiff restates all of the allegations as incorporated herein.

43. ERISA authorizes beneficiaries such as Mrs. Tyll to enforce their rights to benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

44. Mrs. Tyll is entitled to recover benefits under the coverage provided by the Life Plan through its corresponding ERISA plan instruments.

45. Mrs. Tyll made a proper claim for benefits, and Mrs. Tyll has exhausted all administrative remedies, but the claim was wrongfully denied.

46. It would be appropriate for the Court to conduct a *de novo* review of this benefit action pursuant *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and to enforce Mrs. Tyll's entitlement to benefits under the coverage provided by the Life Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

47. The coverage due is in the amount of no less than:

a. $1,000,000.00 under the Double Indemnity on a Common Carrier Benefit provided by AETNA.

b. $1,500,000.00 under the Accidental Death and Personal Loss Benefit provided by AETNA.

c. $900,000.00 more under the Basic Life Insurance, having already paid Mrs. Tyll $600,000.00 under this benefit.

d. If the Court finds that the Basic Life Insurance benefit cap is $1,000,000.00 and not $1,500,000.00, regardless of whether the Court finds that Mr. Tyll's death was accidental, Mrs. Tyll would still be owed an additional $400,000.00 based on AETNA's miscalculation of Mr. Tyll's annual base salary.

**Count III: Claim For Reformation**
**From the Life Plan**
**Pursuant To 29 U.S.C. § 1132(a)(3)**

48. Plaintiff restates all of the allegations as incorporated herein.

49. ERISA authorizes beneficiaries such as Mrs. Tyll to obtain equitable relief pursuant to 29 U.S.C. §1332(a)(3) in the form of reformation of plan terms to remedy misleading information. *Cigna Corp. v. Amara*, 563 U.S. 421, 440-41 (2011).

50. Not all of the documents on which the Defendants may rely were known to be delivered to Mr. Tyll.

51. To the extent that the Life Plan seeks to rely on terms in ERISA plan instruments other than the SPD, this would render the information provided in the SPD false or misleading, and Mrs. Tyll's reliance on those terms was consequently induced by mistake or fraud perpetrated by the Life Plan and its fiduciaries.

52. The Court must reform the ERISA plan instruments to include provisions from the SPD (Exhibit B) and the Federal Insurance Company Certificate (Exhibit F) to override other documents and to fill in gaps in the set of AETNA instruments including:

   a. From the SPD - The Plan Manager did not make the claim decision, thereby breaching its express "responsibility of interpreting certain Plan provisions such as resolving issues concerning…eligibility to receive benefits, and determining the amount of any benefit payable" to Mrs. Tyll.

   b. From the SPD, "exposure to the elements will be considered an accidental bodily injury."

   c. From the SPD, the Basic Life Insurance and Basic AD&D insurance pays "One and one-half times annual base pay" which "benefit is based on your annual base salary[.]"

    d.   Given that "basic annual earnings" as that term is used in the AETNA Schedule of Benefits (Exhibit D) is undefined, and since the SPD uses the terms "salary" as noted above and other times "annual base pay" and other times, "Annual Benefits Pay," it is necessary to incorporate from the Federal Insurance Company Certificate the definition of the term "Salary" which "means Your Annual Benefits pay from the Policyholder at the time of the Accident, excluding overtime and incentive payments. If the employee regularly receives commission or incentive bonuses, the average of annual commission or incentive bonus for the last three years will be added to the Employee's base pay to calculate the Annual Benefits Pay…."

53. In such circumstances, it is appropriate for a Court acting in equity to reform the terms of the Life Plan to conform to the representations made to the participant.

54. Therefore, to the extent that the Life Plan seeks to assert plan terms other than those contained in the SPD, or the Federal Insurance Company Certificate, or both, to the detriment of Mrs. Tyll, it would be appropriate for the Court to reform the Life Plan to conform to the terms contained in the SPD and the Federal Insurance Company Certificate or both.

**<u>Count IV: Claim For Attorney's Fees, Costs and Interest</u>**
**<u>From All Defendants</u>**
**<u>Pursuant To 29 U.S.C. § 1132(g)(1)</u>**

55. Plaintiff restates all of the previous allegations as incorporated herein.

56. As defendants unlawfully denied paying Life Plan benefits, and has caused Mrs. Tyll to incur attorneys' fees and costs, and will cause her to incur additional fees and costs, Mrs. Tyll is entitled to recover under 29 U.S.C. § 1132 (g)(1), costs of this litigation, including reasonable attorneys' fees and interest at the Connecticut statutory rate on all benefits due from the date of Mr. Tyll's death.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff Lori Tyll prays for judgment as follows:

1. Award appropriate equitable relief, and if appropriate, legal relief, pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), against Defendants, jointly and severally, in an amount of no less than $3,400,000.00 in the principal sum with pre-judgment interest from the date of breach, at no less than the Connecticut statutory rate for withholding life insurance payments to beneficiaries, post-judgment interest and costs;

2. Reforming the Life Plan under pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), so it properly reflects all benefits represented to Mr. Tyll and Mrs. Tyll; and

3. Award to Plaintiff against Defendants, jointly and severally, all sums permitted under 29 U.S.C. § 1132 (g)(1), including attorney's fees, interest and costs of the litigation; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted on this 10ᵗʰ day of January, 2018,

**PLAINTIFF LORI T. TYLL, by her counsel,**


By: /s/ *Jonathan M. Feigenbaum (PHV)*
       The Law Office of
       Jonathan M. Feigenbaum
       184 High Street, Suite 503
       Boston, MA 02110
       Tel. No. (617) 357-9700
       Fax No. (617) 227-2843
       jonathan@erisaattorneys.com


       */s/ Sean K. Collins*    *(ct29296)*
       The Law Offices of Sean K. Collins
       184 High Street, Suite 503
       Boston, MA  02110
       Tel. No. (617) 320-8485
       Fax No. (617) 227-2843
       sean@neinsurancelaw.com

**<u>CERTIFICATION</u>**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 10th day of January 2018.

*/s/ Sean K. Collins*
Sean K. Collins