UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI T. TYLL,<br>    Plaintiff,<br><br>    v.<br><br>STANLEY BLACK & DECKER<br>LIFE INSURANCE PROGRAM and<br>AETNA LIFE INSURANCE COMPANY,<br>    Defendant. | No. 3:17-cv-1591 (VAB) |

**RULING AND ORDER ON DISCOVERY DISPUTE**

On September 25, 2014, Michael A. Tyll died during an international flight. Am. Compl., ECF No. 1, at ¶ 18. Lori Tyll, his wife ("Plaintiff"), filed this lawsuit, seeking double indemnity benefits and death and personal loss benefits allegedly owed under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id*. at ¶ 17.

Ms. Tyll alleges that AETNA Life Insurance Company ("AETNA") wrongly denied her insurance claim and its appeals, *Id*. at ¶¶ 29–35, 39, and asks this Court to conduct a *de novo* review of AETNA's denial. *Id*. at ¶ 40. In the alternative, Ms. Tyll argues that AETNA lacked the "authority to make discretionary benefit decisions" because the Stanley Black & Decker Life Insurance Plan ("Stanley") retained that authority, *Id*. at ¶¶ 24–26. Under that theory, Ms. Tyll asks the Court to review the benefits decision or grant her equitable relief. ¶¶ 42–54.

On September 5, 2018, this Court convened a hearing on Defendants' motions to dismiss Count III of Plaintiff's complaint (i.e., the contract reformation count). ECF No. 51. At that hearing, the parties alerted the Court to a discovery dispute. *Id*. The Court permitted the parties

to submit discovery dispute briefs. *See* Letter Brief re: Discovery Disputes by Lori T. Tyll, ECF No. 55; Letter Brief by Aetna Life Ins. Co., ECF No. 56.

On October 18, 2018, the Court held a telephonic status conference on the discovery dispute. ECF No. 58. As explained at that time and in the parties' filings, Ms. Tyll seeks an order compelling AETNA to conduct further electronic discovery and to produce a Rule 30(b)(6) witness. Letter Brief re: Discovery Disputes by Lori T. Tyll. AETNA objects. Letter Brief by Aetna Life Ins. Co.

For the reasons stated below, Plaintiff's requests to compel AETNA to conduct further electronic discovery or produce a Rule 30(b)(6) witness is **DENIED**. The Court will extend discovery, however until November 30, 2018.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the background facts of this case. The sufficiency of discovery is presently before the Court.

On December 22, 2017, the parties submitted a Rule 26(f) planning report. ECF No. 28. On January 26, 2018, the Court convened a scheduling conference, ECF No. 35, after which the Court issued a scheduling order. ECF No. 37. On February 2, 2018, Defendants, collectively, produced a proposed administrative record in excess of 1,200 pages. Letter Brief re: Discovery Disputes by Lori T. Tyll at 2. About four months later, Plaintiff contacted Defendants, alleged a host of insufficiencies in the proposed administrative record, and requested that Defendants continue to search for relevant documents. *Id*. at Ex. A-1, ECF No. 55-1.

On May 25, 2018, in a companion case before Judge Janet C. Hall, Plaintiff filed three motions seeking deposition of a Rule 30(b)(6) expert, electronic discovery of terms such as "Tyll" and "07514045955" (a claim number at issue), and other relief against Stanley and

Federal Insurance Company ("Federal"), who also insured Mr. Tyll. *Tyll v. Stanley Black & Decker Life Insurance Program*, 3:17-cv-01574-JCH, Compl., ECF No. 1; ECF Nos. 40–42.

That same day, Plaintiff served Defendants in this case with a request to depose an AETNA executive on June 5, 2018, three days before the close of discovery. Letter Brief by Aetna Life Ins. Co. A few days later, on June 4–5, 2018, the parties exchanged e-mails. Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. A; Letter Brief by Aetna Life Ins. Co. , Ex. B. On June 5, 2018, by e-mail, Defendants "consent[ed] to a discovery extension . . . provided that plaintiff drops the request for depositions" and seek additional written discovery only. *Id*. Later that day, the parties filed a consent motion to modify the scheduling order. ECF No. 40. On June 11, 2018, the Court granted the motion and extended the discovery deadline to August 10, 2018. ECF No. 43.

On June 12, 2018, in the companion case, Judge Hall granted Plaintiff's motion for Rule 30(b)(6) depositions of Stanley and Federal, but denied Plaintiff's motions to compel additional electronic discovery. Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. D [Courtroom Minutes – Civil, 3:17-cv-1574].

During the summer of 2018, Stanley performed the electronic searches requested by Plaintiff, for this case, and produced 3,274 additional pages of allegedly relevant documents. *Id*. AETNA did not engage in additional electronic searching. *Id*; Letter Brief by Aetna Life Ins. Co. at 1. AETNA's decision not to comply with Plaintiff's discovery request forms the basis of this discovery dispute *Id*.

On August 13, 2018, the parties again moved to extend the discovery deadline. ECF No. 48. The Court granted the motion. ECF No. 49. On September 5, 2018, the parties alerted the

Court to their unresolved discovery issue. ECF No. 51. *See also* Letter Brief re: Discovery Disputes by Lori T. Tyll; Letter Brief by Aetna Life Ins. Co.

## II. STANDARD OF REVIEW

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

In general, information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. While Rule 26(b)(1) of the Federal Rules of Civil Procedure and Rule 401 of the Federal Rules of Evidence provide a foundation for discovery, relevance is ultimately determined by the context and contours of the case before the court. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 401.

In ERISA cases, district courts must generally limit their review to the administrative record. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) ("[I]n reviewing decisions of plan fiduciaries . . . . We follow the majority of our sister circuits in concluding that a district court's review . . . is limited to the administrative record."); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003) ("[T]he presumption is that judicial review 'is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence.'"); *Zervos v. Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir.

2002) (Even where the district court exercises *de novo* review of the plan administrator's determination, the district court "ought not" to accept additional evidence absent "good cause."). While district courts retain the authority to consider evidence outside the administrative record, "the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Muller*, 341 F.3d at 125.

"Even where the district court exercises *de novo* review of the plan administrator's determination, the district court ought not . . . accept additional evidence absent good cause." *Zervos*, 277 F.3d at 646, citing *DeFelice v. American Int'l Life Assurance Co. of NY*, 112 F.3d 61, 66 (2d Cir. 1997). Relevant discovery in ERISA cases therefore is generally confined to the administrative record used by the claims administrator in making the benefits decision.

## III. DISCUSSION

Ms. Tyll alleges that the proposed administrative record produced by AETNA is incomplete, and seeks a court order compelling AETNA to: (1) perform ESI searches for documents using the search terms "Tyll", "basic annual earnings", and "800178", and (2) produce a Rule 30(b)(6) witness to testify for up to three hours on (i) the policies and procedures for gathering and assembling the administrative record for ERISA welfare-benefits litigation, and (ii) the manner in which AETNA implemented the policies and procedure to produce the proposed administrative record. Letter Brief re: Discovery Disputes by Lori T. Tyll at 1, 3. AETNA alleges that the administrative record is complete, that the Court is not allowed to consider evidence outside that record, and that Plaintiff has failed to specify what is missing from the administrative record or why Plaintiff believes that the record is incomplete. Letter Brief by Aetna Life Ins. Co. at 3–5.

As discussed below, these requests for additional discovery will be denied.

1. **Compelled Electronic Discovery**

In ERISA cases and in general, plaintiffs must demonstrate sufficient grounds for compelling discovery. *Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004) (finding no clear error in the district court's decision not to compel discovery when the proposed discovery would not address the critical issue of who funded the plan or assist the court in deciding the jurisdictional issue before it); *Goldstein v. Robert Half Int'l, Inc.*, 336 F. App'x 25, 27 (2d Cir. 2009) (summary order) (finding no clear error in the district court's decision not to compel discovery where the plaintiff's arguments were untimely and without merit); *S/N Precision Enterprises, Inc. v. AXSYS Techs., Inc.*, 279 F. App'x 80, 81 (2d Cir. 2008) (summary order) (finding no clear error in the district court's decision not to compel discovery when plaintiffs brought the discovery dispute to the court's attention two months after the cut-off of discovery and did nothing to resolve the dispute themselves). In ERISA cases, a party's burden to demonstrate sufficient grounds for court-ordered discovery is buttressed by "the presumption . . . that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Muller*, 341 F.3d at 125.

Ms. Tyll alleges that the administrative record produced by AETNA is incomplete, and asks the Court to compel AETNA to search its entire e-mail system for the terms "Tyll", "basic annual earnings", and "800178." Letter Brief re: Discovery Disputes by Lori T. Tyll at 1, 3. AETNA alleges that the administrative record is complete, and that Ms. Tyll has failed to show good cause for compelled discovery. Letter Brief by Aetna Life Ins. Co. at 3–5. The Court agrees. Before turning to Ms. Tyll's specific arguments about the record, the Court considers the timing of this request.

### a. Timing of Plaintiff's Discovery Request

District courts are entitled to manage their dockets with a "view toward the efficient and expedient resolution of cases." *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). In ERISA cases, courts have discretion to grant or deny the discovery request upon consideration of equity among the parties, efficiency, or the court's judgment on the merits of the request. *See Gualandi*, 385 F.3d at 245; *Goldstein*, 336 F. App'x at 27; *S/N Precision Enterprises, Inc. v. AXSYS Techs., Inc.*, 279 F. App'x at 81.

Discovery began nearly nine months ago. ECF No. 37. Defendants produced the proposed administrative record near the beginning of the discovery process, on February 2, 2018. Letter Brief re: Discovery Disputes by Lori T. Tyll at 2. Ms. Tyll waited four months—until days before discovery was set to close—to allege insufficiencies in that record. Letter Brief re: Discovery Disputes by Lori T. Tyll at Ex. A-1, ECF No. 55-1. Ms. Tyll alerted Judge Hall to a similar discovery issue in the companion case in late May of 2018, *Tyll v. Stanley Black & Decker Life Insurance Program*, 3:17-cv-01574-JCH, ECF Nos. 40–42, but did not also alert this Court. In the spring and summer of 2018, this Court extended the discovery deadline twice, ECF No. 43, ECF No. 49, without any reference to this particular discovery issue. Now, on the eve of the extended discovery deadline, Ms. Tyll asks the Court to compel AETNA to perform new electronic discovery. The answer is no.

Ms. Tyll had plenty of opportunities to alert AETNA and the Court to the alleged insufficiencies in the proposed administrative record, but did not do so. In early February, Plaintiff should have noticed the blank back pages, blurry screen shots, and other copying and scanning issues now at issue. *See* Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. A-1 [Attorney Feigenbaum email, June 4, 2018] ("Attorney Feigenbaum email", ECF No. 55-1, at 1–

2). Following the parties' discovery compromise, Plaintiff could have posed its current questions about the workflow processes or compensation of AETNA's experts through written discovery, but did not do so. Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. B, ECF No. 55-2. Throughout the discovery process, Plaintiff could have alerted the Court to perceived insufficiencies in the proposed administrative record, but did not do so.

In any event, the Court finds Plaintiff's electronic discovery request disproportionate and unrelated to the information Plaintiff seeks.

### b. Plaintiff's Electronic Discovery Request

In an ERISA case, judicial review is generally limited to reviewing the administrative record. *Miller*, 72 F.3d at 1071; *Muller*, 341 F.3d at 125; *Zervos*, 277 F.3d at 646. Even during a discovery dispute, a court should be guided by the fact that it must not consider evidence outside the administrative record, absent good cause. *See Zervos*, 277 F.3d at 646, citing *DeFelice v. American Int'l Life Assurance Co. of NY*, 112 F.3d 61, 66 (2d Cir. 1997).

Ms. Tyll asks the Court to compel AETNA to: (1) perform ESI searches for documents using the search terms "Tyll", "basic annual earnings", and "800178." Letter Brief re: Discovery Disputes by Lori T. Tyll at 1, 3. In contrast to the electronic discovery request denied by Judge Hall in the companion case, Plaintiff's request of AETNA is broader (i.e., it in involves the entire company rather than named individuals, as it had in the companion case). Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. D. AETNA argues that such discovery is unsupported, outside the administrative record, or both. Letter Brief by Aetna Life Ins. Co. at 3–5. The Court agrees.

Ms. Tyll offers nine examples of an insufficient record, Attorney Feigenbaum e-mail at 2, none of which provide good cause to extend or compel discovery. Examples 1, 6, 7, and 8

implicate copying, scanning or transmission issues ranging from illegible scans to blank back pages. *Id*. Ms. Tyll has not shown how a search of AETNA's e-mail and instant messaging systems would remedy these issues. *Id*. Example 9 refers to whether AETNA's e-mail system is integrated or requires manual integration of e-mails. *Id*. AETNA's September 14, 2018 letter definitively answers this question, Letter Brief re: Discovery Disputes by Lori T. Tyll at 3, and Ms. Tyll has not shown that a search of AETNA's electronic messaging systems would answer this question further. Example 2, that there are "no claim handling or appeal handling guidelines in the record," *Id*., is similarly disconnected from Ms. Tyll's request to search AETNA's electronic messaging systems for "Tyll", "basic annual earnings", and "800178."

Ms. Tyll has not shown that that search would produce AETNA's appeal and claim handling guidelines. Ms. Tyll's remaining examples, 3, 4 and 5, concern the workflow and compensation of Dr. Joseph L. Braun. *Id*. This is not sufficient to show that this information would form part of the administrative record or that the proposed search would yield this information. Furthermore, as suggested above, Ms. Tyll did not pursue this information sufficiently during the first extension of discovery.

As a result, the Court will not compel a search of AETNA's e-mail and instant messaging systems, and will not compel further electronic discovery.

### 2. Rule 30(b)(6) Expert

In ERISA cases involving unresponsive defendants or discovery abuse, some courts in this Circuit have compelled 30(b)(6) depositions. *See Mitchell v. First Reliance Standard Life Ins. Co.,* 237 F.R.D. 50, 54 (S.D.N.Y. 2006) (allowing 30(b)(6) depositions where a plaintiff alleged that a plan had an internal conflict of interest and defendant did not respond to the court for months and did not address whether the administrative record contained the material sought

9

by the plaintiff, including an investigation of the conflict of interest); *Ulyanenko v. Metro. Life Ins. Co.*, 275 F.R.D. 179, 182 (S.D.N.Y. 2011) (compelling a 30(b)(6) expert in a case involving "discovery abuse" where defendants had plaintiff's counsel travel to Pittsburgh for "no good reason" to depose an employee who was not ultimately responsible for the denial of plaintiff's claim). The remedy of compelled discovery, however, must be balanced against the Second Circuit's clear guidance on closed record review in ERISA cases. *See Zervos*, 277 F.3d at 646, citing *DeFelice v. American Int'l Life Assurance Co. of NY*, 112 F.3d 61, 66 (2d Cir. 1997) (on the rationale for a closed record review).

Ms. Tyll argues that this case involves discovery abuses sufficient to warrant a court order compelling Rule 30(b)(6) depositions on AETNA's policies and procedures for assembling administrative records in ERISA benefits litigation. Letter Brief re: Discovery Disputes by Lori T. Tyll at 4–5. The Court disagrees.

On June 5, 2018 the parties reached a mutual compromise on discovery: AETNA would consent to an extension of discovery and engage in additional written discovery if Ms. Tyll dropped its request that Defendant prepare an AETNA executive for a Rule 30(b)(6) deposition. Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. A; Letter Brief by Aetna Life Ins. Co. Following that agreement, AETNA responded to Ms. Tyll's thirteen interrogatories, only three of which related to AETNA's policies and procedures for assembling the proposed administrative record. Letter Brief re: Discovery Disputes by Lori T. Tyll, Ex. B ("Aug. 9, 2018 interrogatories"); Letter Brief re: Discovery Disputes by Lori T. Tyll at 3 (referencing Sept. 14, 2018 letter clarifying email integration).

In interrogatory number 5, Ms. Tyll asked AETNA to describe how it assembled the administrative record. AETNA responded:

> Aetna assembled the Administrative Record ("AR") by downloading all documents generated in its electronic claims management system and by obtaining copies of policy documents for the Stanley Plan pertaining to coverage for accidental death and life insurance benefits. A copy of the AR has been provided to Plaintiff.

Aug. 9, 2018 interrogatories. In interrogatory numbers 3 and 4, Ms. Tyll asked AETNA to describe its e-mail and instant messaging systems and how individual messages are stored for individual custodians. *Id*. AETNA responded that the electronic claims management system itself stored these messages. *Id*. This information turned out to be incorrect, as AETNA's counsel acknowledged before the close of discovery and before the Court. Letter Brief re: Discovery Disputes by Lori T. Tyll at 3 (referencing Sept. 14, 2018 letter clarifying email integration; ECF No. 51 (in-person hearing); ECF No. 58 (telephonic status conference). It is now clear that AETNA does not have an integrated e-mail and/or instant message system and that individual e-mails and instant messages must be scanned into claim files. *Id*.

Based upon this record, the Court finds insufficient support for an order compelling discovery under Rule 30(b)(6). Ms. Tyll has already questioned AETNA about its policies and procedures for producing her late husband's administrative record. If Ms. Tyll had additional questions on this matter, she should have posed them during written discovery. *See* FED. R. CIV. P. 33(a) (permitting twenty-five interrogatories and allowing parties to seek leave of court for additional interrogatories). Additionally, Ms. Tyll has not alleged the level of unresponsiveness or clear abuse that would justify an order compelling Rule 30(b)(6) discovery. *Mitchell*, 237 F.R.D. at 54–55 ("First Reliance did not bring the problem to the Court's attention until the April 17, 2006 letter—more than two months after the allegedly defective notices were served."); *Ulyanenko*, 275 F.R.D. at 182 ("LINA had delayed this action for at least four months and caused the plaintiff's counsel to go to

Pittsburgh for 'no good reason' to depose Smith, who was not the individual who ultimately denied the plaintiff's claim").

Notably, in the case before Judge Hall, a different defendant and discovery process was at issue. Moreover, in that other case, there is no suggestion that the parties agreed to forego Rule 30(b)(6) depositions.

The Court therefore will not compel AETNA to undergo Rule 30(b)(6) discovery.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's requests to compel AETNA to conduct further electronic discovery or produce a Rule 30(b)(6) witness. The Court will not further extend discovery; discovery will close as scheduled on November 16, 2018.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of November, 2018.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE